JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JEFFREY SLAVISH

## DEFENDANTS
CENTRAL CREDIT SERVICES, LLC

**(b)** County of Residence of First Listed Plaintiff: LUZERNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ST. CHARLES, MO.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Michael P. Forbes, PC 200 Eagle Road
Suite 50, Wayne, PA 19087 610-293-9399

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C 1692 FDCPA

Brief description of cause:
VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRATICES ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/07/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature: Michael P. Forbes]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | |
|---|---|
| JEFFREY SLAVISH ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| CENTRAL CREDIT SERVICES, LLC ) | JURY TRIAL DEMANDED |
| ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because Defendant transacts business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

### II. PARTIES

3. Plaintiff, JEFFREY SLAVISH, ("Plaintiff") is a natural person residing in Forty Fort, PA 18704. Because Plaintiff is allegedly obligated to pay a debt, namely an American Express Credit Card, that is the subject of this case, was primarily used for family, personal or household purposes, he is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and the UTCPL, 72 Pa.Cs. 201-1, et.seq.

4. Defendant, CENTRAL CREDIT SERVICES, LLC, ("CCS"), is upon information and belief, a limited liability corporation located at 20 Corporate Hills Drive, St. Charles, MO 63301 and, at all times relevant herein, operated as a collection agency, and is a "debt collector" as the

term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen.

5. At all times material and relevant hereto, Defendant is individually, vicariously and/or equitably liable to Plaintiff.

6. Defendant, at all times relevant hereto, is considered a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III. FACTUAL ALLEGATIONS

7. On or about July 14, 2016, CCS made phone calls to Plaintiff's mother in an attempt to collect the debt for American Express ("AMEX") regarding a consumer credit card account that it alleged was in default.

8. Despite having Plaintiff's phone number, CCS's collector ("the Collector") called Plaintiff's mother and engaged her in a discussion regarding Plaintiff's debt without first obtaining Plaintiff's permission and consent.

9. During the phone call with Plaintiff's mother, the collector identified himself as a debt collector, calling on behalf of AMEX and represented that CCS had left messages for Plaintiff, who did not return the calls.

10. During the phone call with Plaintiff's mother, the collector, inter alia, chastised her regarding Plaintiff's phone number, asked that she assure him she would speak with Plaintiff and

return the collector's call and told her that he would call later that day at 4:00 p.m. to confirm that she spoke with Plaintiff.

11.   On or about July 14, 2016, around 5:45 p.m., CCS left a voicemail message on Plaintiff's phone.

12.   Plaintiff, who had already been contacted by his mother regarding the CCS call with her, returned CCS's calls to him and his mother.

13.   During the call, CCS informed Plaintiff that it had just been assigned the account that day.

14.   As a result of CCS's actions. Plaintiff filed a complaint with the Consumer Financial Protection Board ("CFPB") regarding CCS and AMEX in which he described the aforesaid actions of CCS. A copy of the relevant part of the complaint is attached as Exhibit "A".

15.   In a letter dated July 22, 2016 and received by Plaintiff, CCS stated that "CCS's records do not substantiate your allegations that information regarding your debt was revealed to a third party or that its representatives engaged in harassing or intimidating behavior." A copy of the July 22, 2016 letter is attached hereto as Exhibit "B".

16.   Contrary to CCS's letter, in a letter dated July 29, 2016, AMEX stated that "we contacted Central Credit Services and verified that unfortunately the representative identified himself and cited our standard disclosures to an unauthorized party. Please be assured that feedback has been provided to the appropriate leader." A copy of the July 29, 2016 letter is attached hereto as Exhibit "C".

17.   The aforesaid actions of the Defendant are material, deceptive, false and misleading under the FDCPA in that Defendant, inter alia, called and spoke to a third party about the alleged

debt without Plaintiff's consent and made false representations to Plaintiff concerning its phone call with Plaintiff's mother.

18. As a direct and proximate result of Defendant's actions in speaking with Plaintiff's Mother and making the representations as aforestated, Plaintiff experienced emotional distress in the form of embarrassment, humiliation, upset, frustration and anger.

19. As a direct and proximate result of Defendant's actions in speaking with Plaintiff's mother and making the representations as aforestated, Plaintiff's privacy was violated and Plaintiff became uncomfortable and anxious.

20. Defendant knew or should have known that it was not calling Plaintiff's phone and that its actions, as aforestated, violated the FDCPA and relevant state statutes and the Defendant could have taken the appropriate actions to comply with the applicable laws but failed and neglected to do same and failed to adequately review their actions to insure compliance with said law.

21. At all times relevant hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for state and federal law and the rights of the Plaintiff herein.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

22. Plaintiff incorporates his allegations of paragraphs 1 through 21 as though set forth at length herein.

23. Defendant's actions as aforestated are false, deceptive, material and misleading to Plaintiffs as follows:

(a) Defendant violated 15 U.S.C. § 1692b(1) by contacting a third party and failing to state it was correcting or confirming contact information;

(b) Defendant violated 15 U.S.C. § 1692b(2) by contacting a third party and stating that Plaintiff owed a debt;

(c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

(d) Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection;

(e) Defendant violated 15 U.S.C. § 1692e (10) by using deceptive means to collect to collect the alleged debt;

(f) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt;

24. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

25. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

27. Plaintiff incorporates his allegations of paragraphs 1 through 26 as though set forth at length herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

29. As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JEFFREY SLAVISH, prays that judgment be entered against Defendant for the following:

(1) Actual damages;

(2) Statutory damages each in the amount of $1,000.00;

(3) Reasonable attorneys' fees and costs;

(4) Declaratory judgment that Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## COUNT VI
## INVASION OF PRIVACY

30. Plaintiff incorporates his allegations of paragraphs 1 through 29 as though set forth at length herein.

31. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by disclosing information concerning his alleged debt to an unauthorized third party.

32. Defendant intentionally and knowingly caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting an alleged debt.

33. Plaintiff had a reasonable expectation of privacy in Plaintiffs' respective solitude, seclusion and/or private concerns or affairs.

34. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

35. The actions of Defendant as before described were reckless, outrageous, willful and wanton, thereby justifying the imposition of exemplary, treble, and/or punitive damages.

36. As a result of such invasions of privacy, Plaintiff is entitled to actual and punitive damages in an amount to be determined at trial from Defendants.

WHEREFORE, Plaintiff, ,Jeffrey Slavish requests judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus punitive damages, costs and attorneys' fees and any other relief that this Honorable Court deems just and appropriate.

### V. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399

(610)293-9388 (Fax)
michael@mforbeslaw.com